# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2681
_____

JOHN EDWARD MCGLAUN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Holmes County.
Russell S. Roberts, Judge.

October 1, 2025

PER CURIAM.

Following his conviction for traveling to meet a minor for unlawful sexual conduct, Appellant contests his habitual felony offender (HFO) sentence. He claims error occurred when the sentencing court, not a jury, made the findings of fact required to enhance a HFO sentence under section 775.084(1)(a), Florida Statutes (2022). Appellant argues that under *Erlinger v. United States*, 602 U.S. 821 (2024), he was entitled to a jury determination of those facts with the State being required to prove the qualifying HFO elements beyond a reasonable doubt. Appellant also argues that the sentencing procedures to impose a HFO sentence in

section 775.084(3)(a), Florida Statutes, are now unconstitutional under the holding in *Erlinger*.[*]

Like the Sixth District recently did in *Avalos v. State*, 50 Fla. L. Weekly D1950a, 2025 WL 2486901, **\*1** (Fla. 6th DCA Aug. 29, 2025), "[w]e affirm without deciding *Erlinger's* impact, if any, on section 775.084 because, even assuming *Erlinger* applies, any error in this case is harmless." In considering harmless error when the claimed error is failure to have a jury finding during sentencing, the issue is "whether the failure to have the jury make the . . . finding . . . contributed to the . . . sentence—in other words, whether the record demonstrates beyond a reasonable doubt that a rational jury would have found" the same thing. *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007).

During his sentencing hearing, Appellant did not contest the HFO qualifying facts or the admission of any of the State's evidence to prove these facts. He did not introduce any contrary evidence and never argued that he did not qualify for an HFO sentence enhancement. The record demonstrates beyond a reasonable doubt that no rational jury would have found the timing of the predicate convictions relative to Appellant's release from his latest sentence and the other HFO qualifying facts any differently than found by the sentencing court.

Since any error here is harmless, Appellant's HFO sentence is affirmed. *See Scott v. State,* 413 So. 3d 276 (Fla. 5th DCA 2025); *Jackson v. State*, 410 So. 3d 4 (Fla. 4th DCA 2025); *Capra v. State*, 403 So. 3d 1063 (Fla. 5th DCA 2025).

AFFIRMED.

LEWIS, ROWE, and BILBREY, JJ., concur.

---

[*] Appellant's sentence is before us on direct appeal, and it is thus not final for purposes of the application of decisional law issued after sentencing. *See State v. Fleming*, 61 So. 3d 399 (Fla. 2011); *cf. Wainwright v. State* 411 So. 3d 392 (Fla. 2025) (holding that *Erlinger* does not apply retroactively to a postconviction claim).

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Kristie Regan, Assistant Attorney General, Tallahassee, for Appellee.